IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 19 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| SERVICE CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. SA04CA0251 |
| THE TRAVELERS INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND DEFENDANT'S COUNTERLCAIM

TO THE HONORABLE COURT:

**COMES NOW,** Travelers Casualty and Surety Company, improperly designated as The Travelers Insurance Company (hereinafter "Travelers"), defendant/counterclaimant, and would show the Court the following:

And for answer to each of the allegations set forth in the original complaint, Travelers asserts:

1.

The allegations of paragraph 1 of the original petition are denied.

2. – 6.

The allegations of paragraphs 2, 3, 4, 5 and 6 are admitted.

**7.**

The first two sentences of paragraph 7 are admitted. The second two sentences are denied. The terms of the Travelers policy are not fully stated. The policy is the best evidence of its terms and conditions.

**8.**

The allegations of paragraph 8 are admitted, except that it is denied that Gillespie Motor insured against liabilities arising from "accidents." This is inaccurate. Service Casualty covered "offenses" including discrimination based upon physical capabilities.

**9.**

The allegations of paragraph 9 are denied as written.

**10.**

It is admitted that the Travelers insurance policy was purchased "because Gillespie Motor feared employment related claims might be filed." The remainder of paragraph 10 is denied.

**11.**

It is denied that Christina Shakoor was terminated. Termination is different from constructive discharge, and the terms cannot be used interchangeably. It is admitted that she was constructively discharged. It is denied that the constructive discharge took place on March 31, 2001. Constructive discharge takes place at the time of the acts that brought about the discharge, not at the time of the termination of employment. The remainder of this paragraph 11 is denied.

**12.**

The allegation of paragraph 12 is admitted.

**13.**

The allegation of paragraph 13 is admitted.

**14.**

The allegation of paragraph 14 is denied.

**15.**

The allegation of paragraph 15 is admitted.

**16.**

The allegation of paragraph 16 is denied.

**17.**

The allegation of paragraph 17 is denied.

**18.**

The allegation of paragraph 18 is denied. Further, Travelers is not vicariously liable for any failure to properly defend. Determinations as to pleadings to be filed, defenses to be asserted, etc., are within the province of defense counsel.

**19.**

The allegation of paragraph 19 is denied.

**20.**

The allegation of paragraph 20 is denied.

**21.**

The allegation of paragraph 21 is denied.

**22.**

The allegation of paragraph 22 is denied except that Travelers chose a defense counsel, Thompson Coe defended Gillespie Motor for almost two years, incurring $55,551.25 in defense costs. The remainder of paragraph 22 is denied.

**23.**

The allegation of paragraph 23 is denied. Waiver is the intentional relinquishment of a known right. It must be express and unequivocal. There was never any waiver by Travelers. Further, the right to assert waiver and estoppel belongs solely to the policyholder, and not to insurance companies.

**24.**

The allegations of paragraph 24 are denied. Waiver and estoppel are not assertable by insurance companies as respects the relations between them. They are rights solely owned by the policyholder. Further, estoppel requires words or conduct inconsistent with the assertion of rights known to a person, upon which another person detrimentally relies. There is no allegation here of detrimental reliance.

**25.**

The allegations of paragraph 25 are denied.

**26.**

The allegations of paragraph 26 are denied.

**27.**

The allegations of paragraph 27 are denied.

**28.**

The allegations of paragraph 28 are denied.

**29.**

The allegations of paragraph 29 are denied.

**30.**

The allegations of paragraph 30 are denied.

**31.**

The allegations of paragraph 31 are denied.

**32.**

The allegations of paragraph 32 are denied.

**33. – 38.**

The allegations of paragraphs 33-38 are denied.

**39. – 41.**

The allegations of paragraphs 39-41 are denied.

**42.**

The allegations of paragraph 42 are denied. Service Casualty and its subrogor breached the voluntary payment condition of the Travelers policy.

**43.**

The allegations of paragraph 43 are denied.

## AFFIRMATIVE DEFENSES

### First Defense

The original complaint of Service Casualty Insurance Company ("Service Casualty") fails to state a claim upon which relief can be granted.

### Second Defense

Service Casualty lacks standing to bring the alleged action under the Texas Insurance Code against Travelers. Such claims belong solely to the policyholder or beneficiaries under the policy of insurance, and cannot be asserted by one insurer against another, absent privity of contract. There is no claim for subrogation, equitable or contractual, for such claims, under the law, or under the facts alleged. The law permits no subrogation as to insurance code claims by

one insurer against another. Further, any subrogation requires payment by the subrogee on behalf of the subrogor. No payment has been made by Service Casualty of any damages other than the settlement amount. In other words, no payments have been made on behalf of the policyholder of amounts in excess of the amount necessary to settle the case, or to remediate damages caused by Travelers alleged failure to pay the settlement amount. Accordingly, even if the law permitted such subrogation, Service Casualty would be subrogated to nothing.

### Third Defense

There is no agency relationship between law firm Thompson, Coe, Cousins & Irons and Travelers. Attorneys retained to defend policyholders are the attorneys/agents of the policyholder, only, and there is no vicarious liability or principal/agent relationship between the insurance company paying them and the attorneys. Accordingly, there is no claim for vicarious liability.

### Fourth Defense

Federal rules of procedure, not state rules, govern fee shifting in federal court. The federal Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.* does not permit fee shifting. There is no federal rule or statute permitting fee shifting based upon an alleged breach of contract. Although the Texas Civil Practice & Remedies Code permits such fee shifting, it is inapplicable in this case in this court. In any case, such state rules do not apply because there was no contract between Service Casualty and Travelers. Service Casualty is not entitled to any contractual or equitable subrogation to attorney fees incurred in prosecuting the captioned matter, because it has made no payment on behalf of Gillespie Motor to bring this action. It seeks recovery on its own account in this matter.

### Fifth Defense

The loss in question was not fortuitous, and therefore there can be no recovery under Travelers policy. The loss in question was in progress at the time of the inception of the Travelers policy. The loss in question was known to Service Casualty and/or its subrogor, Gillespie Motor, through their agents. Gillespie's knowledge is imputed to Service Casualty as subrogee. Under Texas law, and public policy, insurance cannot be purchased for known losses or losses in progress.

### Sixth Defense

The policy contains an exclusion prohibiting coverage for claims arising out of "facts, transactions or events which are or reasonably would be regarded as wrongful employment practices, about which any responsible person had knowledge prior to the inception of coverage under the policy... ." *See* exclusion III.C. Responsible persons at Gillespie Motor knew or had reason to believe that wrongful employment practices had occurred prior to March 15, 2001, and, indeed, that Christina Shakoor would be making a wrongful employment practices claim. Accordingly, there is no coverage under the Travelers policy.

### Seventh Defense

Because there is no coverage under the Travelers policy, there can be no liability under the insurance code under Texas law.

### Eighth Defense

Service Casualty, and only Service Casualty, had coverage for this incident. Under Texas law, claims for constructive discharge arise at the time of the bad acts leading to the discharge, not at the time of the termination itself. The acts in question in this case took place during the policy period of Service Casualty.

### Ninth Defense

If both policies do apply (denied) then Travelers is entitled to the benefit of its "other insurance" clause, which provides that it is excess to any other insurance.

### Tenth Defense

The settlement in the underlying case was unreasonable.

### Eleventh Defense

If Service Casualty had no coverage, as it claims, then it paid as a volunteer, and is barred from recovery.

### **DEFENDANT'S COUNTERCLAIM**

And now, for its counterclaim, Travelers asserts the following:

Travelers re-avers the factual assertion set forth in the answer. The Court has jurisdiction based on 28 U.S.C. 1367. Travelers paid out $55,551.25 in defense costs in the underlying case, all or part of which were owed by Service Casualty. Travelers seeks declaratory judgment that Service Casualty owed Gillespie the duty to defend, and settle the underlying case, that Travelers owed no such duty, and that Travelers is equitably or contractually subrogated to the rights of the insured. Travelers seeks damages from Service Casualty in the sum of the amounts which it paid and which were in fact owed by Service Casualty, based on Service Casualty's contractual duties to Gillespie, and/or based on quantum merit.

Travelers is entitled to recover its fees and costs in this matter for Service Casualty's bringing a groundless claim in bad faith or for harassment, as provided for under the Texas Insurance Code. Art. 21.21, § 16(c).

**WHEREFORE,** Travelers prays that this suit be dismissed with prejudice, for judgment on its counterclaim in the sum of $55,551.25, plus attorneys' fees incurred in this matter.

Respectfully submitted,

_____
John C. Tollefson, SBN 20109400
Goins, Underkofler, Crawford & Langdon, LLP
4800 Renaissance Tower
1201 Elm Street
Dallas TX 75270
Telephone:   214-969-5454
Facsimile:   214-969-5902

**Attorneys for Defendant,**
**The Travelers Insurance Company**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 16 day of April, 2004, a true and correct copy of the foregoing was served upon counsel for plaintiff via facsimile as listed below:

David M. Pruessner, Esq.  
The Law Offices of David M. Pruessner  
10100 N. Central Expressway, Suite 600  
Dallas TX 75231

Facsimile to: 21-692-6474

John C. Tollefson

07465-004/84180.doc